Argued and submitted March 19, petition granted,
ballot title certified as modified April 6, 1982

HALL,
*Petitioner,*
KANTER,
*Intervenor-petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 28470)

643 P2d 343

Rex E. H. Armstrong, Portland, argued the cause and filed petition to review ballot title for petitioner. With him on the petition was Charles F. Hinkle, Portland.

Stephen Kanter, Portland, argued the cause and filed motion to intervene as intervenor-petitioner.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the answering memorandum for respondent was David B. Frohnmayer, Attorney General, and John Reuling, Chief Counsel, Opinion Section, Salem.

Before Denecke, Chief Justice and Lent, Linde, Tanzer, Peterson and Roberts, Justices.

PER CURIAM.

Lent, J. filed a dissenting opinion.

## PER CURIAM.

We are called upon to review a ballot title for a proposed initiative measure to amend the Oregon Constitution.

The initiative measure proposes the following constitutional amendment:

"Be It Enacted by the People of the State of Oregon:

"Paragraph 1. The Constitution of the State of Oregon is amended by creating a new section 40 to be added to and made a part of Article I and to read:

"Section 40 Any provision, provided by law, requiring, authorizing or relating to the imposition of the death penalty shall not be deemed to contravene section 15, Article I of this Constitution or the cruel and unusual punishment clause of section 16, Article I of this Constitution."

Pursuant to ORS 250.035 and 250.065, the Attorney General provided a ballot title consisting of the following caption, question, and explanatory statement:

"REMOVES TWO POSSIBLE BARS IN CONSTITUTION TO DEATH PENALTY LAWS

"QUESTION: Shall section 15 and part of section 16 of Article I of the state Constitution not bar death penalty laws?

"EXPLANATION: Amends state Constitution. Existing provisions require that laws for the punishment of crime shall be founded on the principles of reformation and not vindictive justice and ban cruel and unusual punishments. The measure states that these provisions shall not bar laws requiring, authorizing or relating to the imposition of the death penalty."

Petitioner challenges this ballot title as "insufficient or unfair." ORS 250.085. We allowed the motion of Stephen Kanter to intervene and to participate in oral argument. Both petitioner and intervenor submit alternative proposals for the ballot title.

The challengers' criticisms are directed primarily at the use of the verb "bars" and at the failure to explain the sections cited by number in the statement of the question. Petitioner argues that "bars" erroneously implies that the measure only would eliminate constitutional barriers

to the death penalty as such, whereas it would also withdraw these restraints from measures governing the manner of executing a death penalty. The intervenor adds that the use of the constitutional section numbers "gives the voter no inkling of the substance of the Constitutional provisions" involved.

■ ■ The section numbers refer to two guarantees in the Bill of Rights adopted with the original Constitution in 1859. Article I, section 15, provides: "Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice." The "part of Section 16" referred to in the question drafted by the Attorney General is the guarantee against "cruel and unusual punishments."[1] Few people know Oregon's Bill of Rights well enough to recognize these guarantees by their section numbers. We agree that the question as drafted is insufficient insofar as it uses section numbers rather than words to describe the principles at issue. The challengers offer several rewordings of the question to avoid this difficulty.[2] We think the following is an accurate statement of the question presented by the proposed initiative set forth above:

---

[1] Or Const art I, § 16 in its entirety provides:

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense. In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases."

[2] Petitioners proposed these alternative ballot title questions:

"Shall a death sentence which constitutes cruel and unusual punishment or vindictive justice be permitted by the Oregon Constitution?"

Intervenor's proposed ballot title questions:

"1. [quotes petitioner's proposal]

"2. Shall the limits in the Oregon Constitution on cruel and unusual or vindictive, non-reformative, death sentences be removed?

"3. Shall the Oregon Constitution permit executions constituting cruel and unusual punishment or executions based on vindictive justice rather than reformation?

"4. Shall the Oregon Constitution permit death sentences which constitute cruel and unusual punishments, or which are non-reformative and vindictive?

"5. Shall the Oregon Constitution permit some executions constituting cruel and unusual punishment, and some executions based on vindictive justice, not reformation?"

"Shall Oregon constitutional guarantees against vindictive justice and cruel and unusual punishments not apply to death penalty laws?"

This change in the question also eliminates the ambiguity in the use of the verb "bar" criticized by petitioner. The same can be done in the explanation. "Bars" is insufficient, not because it misstates that part of the effect of the measure which it describes, but because it needlessly leaves other potential effects unmentioned. Although it is often impractical fully to describe a complex ballot measure in the space allowed by law, here there is enough space to communicate a more complete idea of its reach by adding a few words.

An examination of the proposed initiative measure shows that it does not refer to a "bar" on death penalty laws as such. Rather, it states that not only laws authorizing or requiring the death penalty shall "not be deemed to contravene" the constitutional guarantees, but also any laws "relating to the imposition of the death penalty." How far this phrase reaches may remain an open question, but it can be read to extend beyond mere authorization of death as punishment and of the manner of execution. As to the latter, respondent agreed in oral argument that the initiative measure may well leave Oregon's Constitution with no restraint against punishment by drawing or quartering or other historical forms of painful execution. With minor changes in the Attorney General's draft, the explanation can describe the existing provisions and the scope of the proposed measure as follows:

"EXPLANATION: Amends State Constitution. Existing article I, sections 15 and 16 require that laws for the punishment of crime shall be founded on the principles of reformation and not vindictive justice and ban cruel and unusual punishments. The measure provides that these limitations shall not apply to laws requiring, authorizing, or otherwise relating to the imposition of the death penalty."

For the reasons already stated, the caption similarly is insufficient insofar as it refers to "possible bars" to death penalty laws. Although sections 15 and 16 may only be "possible" bars to the death penalty as such, they presently apply generally to laws governing punishment for

crime, not excluding punishment by death. The measure would remove not only a "possible bar" but exempt death penalty laws entirely from the cited provisions.

Because of the ten-word limit on the caption, this shortcoming is less easily corrected by changing a word or two in the caption as drafted. But the sequence of the words in the draft is somewhat awkward in any event, and it inaccurately suggests that sections of the constitution which may possibly bar the death penalty are being "removed" rather than that a special exemption for the death penalty is added. The following caption will correspond to the amended question and explanation set forth above:

"EXEMPTS DEATH PENALTY LAWS FROM
TWO OREGON CONSTITUTIONAL GUARANTEES"

Accordingly, we certify the following ballot title to the Secretary of State:

"EXEMPTS DEATH PENALTY LAWS FROM
TWO OREGON CONSTITUTIONAL GUARANTEES

"QUESTION: Shall Oregon constitutional guarantees against vindictive justice and cruel and unusual punishments not apply to death penalty laws?

"EXPLANATION: Amends State Constitution. Existing article I, sections 15 and 16 require that laws for the punishment of crime shall be founded on the principles of reformation and not vindictive justice and ban cruel and unusual punishments. The measure provides that these limitations shall not apply to laws requiring, authorizing, or otherwise relating to the imposition of the death penalty."

**LENT, J.,** dissenting.

I write separately and label my remarks as a dissent because although I agree that the Attorney General's ballot title may be insufficient in some respects, I do not agree with that proposed by the majority.

A ballot title consists of a caption of not more than 10 words, a question of not more than 20 words and an explanation of not more than 75 words. ORS 250.035.

The majority quarrels with the Attorney General's title because of its reference to the constitution by section number rather than by substantive content of the pertinent

constitutional clauses. The majority states that the two clauses are constitutional "guarantees," and that well may be. I shall not quarrel with that characterization although I believe it to be a loaded one. The majority states that few people would know the Oregon Constitution well enough to recognize "these guarantees by their section numbers." I agree. Apparently, however, the majority believes many people will better and more easily recognize the referent of the words, "CONSTITUTIONAL GUARANTEES," which the majority would use. I disagree. In either case, the truly concerned person, faced with either choice alone, would have to go to the text of the constitution to discover what portions are concerned. It seems to me that it would be much easier to find the pertinent parts of the constitution if a person had the Article and Section numbers than to search the entire constitution for the pertinent subject matter guarantees.

Neither the Attorney General nor the majority have sought to explain how their respective proposed captions comply with ORS 250.035(1)(a):

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words *by which the measure is commonly referred to;*" (Emphasis added.)

This is understandable because the measure has not yet acquired such an appellation. If one wants to be fair to both the public and the sponsors, however, one can attempt a caption which will refer to the measure according to what it is designed to accomplish, leaving the legalese to be fleshed out in the question and explanation. I find nothing in ORS 250.035(1)(a) demanding a legally perfect exposition of the measure. If that were the case, the question and explanation would not be needed. Nevertheless, the challengers, amicus and the majority attack the caption because of technical niceties.

If we are going to hold the Attorney General's caption to be insufficient, then I believe it should be because it fails to satisfy the part of ORS 250.035(1)(a) that I have above emphasized. I would suggest the following caption as being likely to meet the statutory command:

"ATTEMPTS REMOVAL OF OREGON
CONSTITUTIONAL BARRIERS TO
DEATH PENALTY LAWS"

That is what this measure is all about, and that is how it is going to be advocated and opposed.

Coming to the 20 word question, I believe that one can accomplish the majority's desire to refer to subject matter rather than Article and Section number and state the question so as to comply with the statutory command of ORS 250.035(1)(b):

> "A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure."

I propose the following as being more truly in harmony with the proposed measure and a fairer statement than any discussed in the majority opinion:

> "QUESTION: Shall death penalty laws be deemed not to contravene Oregon constitutional guarantees against vindictive justice and cruel and unusual punishment?"

This question would use the words of the proposed measure without presently interpreting the effect of those words. Both the Attorney General and the majority impliedly interpret the words of the proposed measure, "not be deemed to contravene," by the questions they suggest. I do not believe we need render any such advisory opinion.

Having gone this far, I would reword the explanation so as to incorporate some of the "minor changes" which the majority finds necessary to correct the Attorney General's explanation for its insufficiency or unfairness, ORS 250.085. I would suggest a minor change in the majority's last sentence of the explanation so as to carry through my thought that the words of the proposed measure be used rather than an interpretation of those words. I suggest the following explanation:

> "EXPLANATION: Amends State Constitution. Existing Article I, Sections 15 and 16, require that laws for the punishment of crime shall be founded on the principles of reformation and not vindictive justice and ban cruel and unusual punishments. The measure would provide that laws relating to imposition of the death penalty would not be deemed to contravene those constitutional limitations."

I believe my proposal complies with the statute, ORS 250.035(1), does not attempt any subtle argument of the merits of the measure and avoids prior judicial interpretation of the language chosen by the sponsors of the measure.

I would certify the following ballot title to the Secretary of State:

"ATTEMPTS REMOVAL OF OREGON
CONSTITUTIONAL BARRIERS TO
DEATH PENALTY LAWS

"QUESTION: Shall death penalty laws be deemed not to contravene Oregon constitutional guarantees against vindictive justice and cruel and unusual punishment?

"EXPLANATION: Amends State Constitution. Existing Article I, Sections 15 and 16, require that laws for the punishment of crime shall be founded on the principles of reformation and not vindictive justice and ban cruel and unusual punishments. The measure would provide that laws relating to imposition of the death penalty would not be deemed to contravene those constitutional limitations."

Peterson, J., joins in this dissenting opinion.