Argued and submitted September 7, ballot title certified
as modified September 27, 1983

CLARK,
*Petitioner,*

*v.*

PAULUS,
*Respondent,*
KANTER,
*Intervenor.*

(SC 29861)

669 P2d 794

Charles F. Hinkle, Portland, argued the cause and filed the petition for petitioner.

William F. Nessly, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With him on the answering memorandum were

Dave Frohnmayer, and James E. Mountain, Jr., Solicitor General, Salem.

Intervenor Stephen Kanter, Portland, filed an Intervenor's Memorandum, pro se.

PER CURIAM

## PER CURIAM

Petitioner Clark calls upon us to review a ballot title for a proposed initiative measure to amend the Oregon Constitution.

The proposed initiative measure reads as follows:

"Be It Enacted by the People of the State of Oregon:

*"Paragraph 1.* The Constitution of the State of Oregon is amended by creating a new section 40 to be added to and made a part of Article I and to read:

*"SECTION 40.* Notwithstanding sections 15 and 16 of this Article, the penalty for aggravated murder as defined by law shall be death upon unanimous affirmative jury findings as provided by law and otherwise shall be life imprisonment with minimum sentence as provided by law."

The Attorney General prepared a ballot title, composed of a caption, question and explanation:

"CONSTITUTIONAL AMENDMENT REQUIRES
DEATH OR LIFE IMPRISONMENT FOR
AGGRAVATED MURDER

*"Question:* Shall the aggravated murder penalty be death upon certain findings by the jury, and be life imprisonment otherwise?

*"Explanation:* Amends state constitution. Requires that penalty for aggravated murder be death when a jury makes certain affirmative findings by a unanimous vote. The facts which must be found are to be determined by law. Requires life sentence with a minimum term in all other cases. The minimum term is to be provided by law."

Petitioner challenges this ballot title as insufficient or unfair for several reasons. He argues that this ballot title fails to state the purpose of the measure, which he contends is to amend Article I, Sections 15 and 16 of the Oregon Constitution. He further argues that when this ballot title is read in conjunction with the companion initiative petition which would amend the statutory law to require a death penalty in some situations, it erroneously implies that the death penalty would be available only for a limited category of serious homicides; that this ballot measure title is sufficiently close to that for the companion statutory measure that it is likely to create

confusion;[1] and it fails to warn the voters that the measure might permit modes of execution that are cruel or unusual, or vindictively imposed.

He suggests the following ballot title:

"REMOVES CONSTITUTIONAL LIMITS ON CRUEL, UNUSUAL, OR VINDICTIVE DEATH SENTENCES

*"Question:* Shall capital punishment for aggravated murder be exempted from Constitutional prohibitions against cruel, unusual, disproportionate and vindictive punishments?

*"Explanation:* Amends State Constitution. Article I, sections 15 and 16 of the Bill of Rights now prohibit vindictive justice, and cruel and unusual or disproportionate punishments. The measure would permit aggravated murder laws authorizing the death penalty on unanimous jury findings, to be statutorily defined, even if the imposition of the sentence was vindictive, cruel and unusual, or disproportionate. Where death was not imposed, the penalty would continue as life imprisonment with a mandatory minimum."

We allowed a motion permitting Stephen Kanter to intervene and file a written memorandum in this case. He presents many of the same arguments as does petitioner Clark. He offers several alternative ballot titles.[2]

---

[1] *See Streich v. Paulus,* (SC 29848), 295 Or 669, 669 P2d 792 (1983).

[2] *"CAPTIONS*

"REMOVES CONSTITUTIONAL LIMITS ON CRUEL, UNUSUAL, DISPROPORTIONATE, OR VINDICTIVE EXECUTIONS

"REMOVES CONSTITUTIONAL LIMITS ON CRUEL, UNUSUAL, DISPROPORTIONATE, VINDICTIVE DEATH SENTENCES.

"REMOVES OREGON CONSTITUTIONAL LIMITS ON CRUEL, UNUSUAL, DISPROPORTIONATE, VINDICTIVE EXECUTIONS

"REMOVES OREGON CONSTITUTIONAL LIMITS ON CRUEL, UNUSUAL, VINDICTIVE DEATH SENTENCES

*"QUESTIONS*

"Shall aggravated murder death penalty laws be exempted from Oregon Constitutional prohibitions against cruel, unusual, disproportionate, and vindictive punishments?

"Shall death penalty laws for aggravated murder be exempted from Oregon Constitutional prohibitions against cruel, unusual, disproportionate, and vindictive punishments?

*"EXPLANATIONS*

"Amends Oregon Constitution. Article I, section 15 and 16 of the Bill of Rights now prohibit cruel, unusual, disproportionate and vindictive punishments.

The Attorney General argues that the principal purpose of the measure is to require the death penalty for aggravated murder. The intervenor contends that this position is incorrect because the measure does not define aggravated murder, set criteria or procedures for determining when convicted aggravated murderers would be condemned to death beyond stating that there must be some sort of unanimous jury findings, specify the nature of the execution or specify the mandatory minimum term of imprisonment. These details are all contained in the companion measure that proposes to amend the aggravated murder statutes.

We agree that the ballot title prepared by the Attorney General is insufficient because it does not disclose the purpose of the measure; that is, exempting the death penalty for aggravated murder from the constitutional guarantees embodied in Article I, Sections 15 and 16 of the Oregon Constitution. *See Hall v. Paulus,* 292 Or 787, 643 P2d 343 (1982).

We find the following caption to be fair and sufficient:

"EXEMPTS DEATH SENTENCES FROM
CONSTITUTIONAL GUARANTEES AGAINST CRUEL,
VINDICTIVE PUNISHMENTS"

We adopt petitioner's proposed question with one addition:

*"Question:* Shall capital punishment for aggravated murder be exempted from Oregon constitutional prohibitions against cruel, unusual, disproportionate and vindictive punishments?"

---

The measure would permit aggravated murder laws requiring the death penalty on unanimous jury findings, to be statutorily defined, whether or not the imposition of the sentence was cruel, unusual, disproportionate, or vindictive. Where death was not imposed, the penalty would remain as life imprisonment with a mandatory minimum provided by statute.

"Amends Oregon Constitution. Article I, section 15 requires that laws for the punishment of the crime shall be founded on the principles of reformation and not vindictive justice; Article I, section 16 prohibits cruel, unusual, and disproportionate punishments. The measure would exempt aggravated murder statutes requiring the death penalty on unanimous jury findings from these constitutional guarantees. Where death was not imposed, the penalty would remain as life imprisonment with a mandatory minimum provided by statute."

After considering the explanations offered by the Attorney General, the petitioner, and the intervenor, we find the following, suggested by the intervenor, to be sufficient and fair:

"Amends Oregon Constitution. Article I, section 15 requires that the laws for punishment of crime shall be founded on principles of reformation and not vindictive justice; Article I, section 16 prohibits cruel and unusual and disproportionate punishments. The measure would exempt aggravated murder statutes requiring the death penalty on unanimous jury findings from these constitutional guarantees. Where death was not imposed, the penalty would remain as life imprisonment with a mandatory minimum provided by statute."

The entire ballot title will read as follows:
"EXEMPTS DEATH SENTENCES FROM CONSTITUTIONAL GUARANTEES AGAINST CRUEL, VINDICTIVE PUNISHMENTS

*"QUESTION:* Shall capital punishment for aggravated murder be exempted from Oregon constitutional prohibitions against cruel, unusual, disproportionate and vindictive punishments?

*"EXPLANATION:* Amends Oregon Constitution. Article I, section 15 requires that the laws for punishment of crime shall be founded on principles of reformation and not vindictive justice; Article I, section 16 prohibits cruel, unusual, and disproportionate punishments. The measure would exempt aggravated murder statutes requiring the death penalty on unanimous jury findings from these constitutional guarantees. Where death was not imposed, the penalty would remain as life imprisonment with a mandatory minimum provided by statute."

We certify the ballot title as modified to the Secretary of State.