Argued and submitted September 7, ballot title certified
as modified September 27, 1983

STREICH,
*Petitioner,*

*v.*

PAULUS,
*Respondent,*
KANTER,
*Intervenor.*

(SC 29848)

669 P2d 792

Norman J. Smith, Portland, argued the cause and filed the petition for petitioner.

William F. Nessley, Assistant Attorney General, Salem, argued the cause for respondent. Michael D. Reynolds, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Dave Frohnmayer, Attorney General, William Gary,

Deputy Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Intervenor Stephen Kanter, Portland, filed an Intervenor's Memorandum, pro se.

PER CURIAM

## PER CURIAM

Petitioner and intervenor challenge a ballot title prepared by the Attorney General for an initiative measure which would amend Oregon aggravated murder statutes, requiring a death penalty in some cases.

The ballot title, consisting of the caption, question, and explanation, prepared by the Attorney General reads as follows:

"REQUIRES DEATH PENALTY FOR AGGRAVATED MURDER UNDER SPECIFIED CONDITIONS

*"QUESTION:* Shall the penalty for aggravated murder be death under specified conditions, and be life imprisonment with 30-year minimum otherwise?

*"EXPLANATION:* Amends statutes. Requires that penalty for aggravated murder be death by lethal injection when unanimous jury finds beyond a reasonable doubt that defendant acted deliberately with reasonable expectation that death would result, is probably a continuing threat to society, and responded unreasonably to any provocation by deceased. Requires Supreme Court review. Requires life imprisonment with 30 year minimum subject to Parole Board review after 20 years in all other cases."

Petitioner Streich proposes that the caption and question should read as follows:

"REQUIRES BY STATUTE DEATH OR MANDATORY IMPRISONMENT FOR AGGRAVATED MURDER

*"QUESTION:* Shall the penalty for aggravated murder be death under specified conditions, and be mandatory imprisonment with 30 year minimum otherwise?"

Streich does not propose any changes in the explanation.

Petitioner Streich argues that the caption is insufficient in that it is unclear that this initiative involves a statutory change, which is important in that voters may be voting on two measures involving the death penalty, the other an amendment to the Oregon Constitution. *See Clark v. Paulus,* 295 Or 673, 669 P2d 794 (1983), and *Streich v. Paulus,* 295 Or 666, 669 P2d 793 (1983).

During oral argument, counsel for the state indicated it would have no objection to the caption suggested by Streich.

We agree that because of the possibility of two initiative measures on the ballot concerning the death penalty, the caption for this initiative should indicate that it concerns a proposed statutory change.

■ Streich contends that the question should read "mandatory imprisonment" rather than "life imprisonment." Our task is only to test the provided title for insufficiency or unfairness. We find neither in this case.

Intervenor contends that the ballot titles submitted by the Attorney General and the petitioner are unfair in that they imply that the aggravated murder statutes do not presently require a convicted defendant to serve a mandatory minimum term before parole eligibility, do not inform the voters that aggravated murder now consists of a greater and lesser class of offenses, and wrongly suggests that a convicted aggravated murderer could receive a sentence as short as 30 years under the proposed measure. We find none of these arguments convincing.

We certify to the Secretary of State the caption proposed by the petitioner and the question and explanation as provided by the Attorney General:

"REQUIRES BY STATUTE DEATH OR MANDATORY IMPRISONMENT FOR AGGRAVATED MURDER"

*"QUESTION:* Shall the penalty for aggravated murder be death under specified conditions, and be life imprisonment with a 30-year minimum otherwise?

*"EXPLANATION:* Amends statutes. Requires that penalty for aggravated murder be death by lethal injection when unanimous jury finds beyond a reasonable doubt that defendant acted deliberately with reasonable expectation that death would result, is probably a continuing threat to society, and responded unreasonably to any provocation by deceased. Requires Supreme Court review. Requires life imprisonment with 30-year minimum subject to Parole Board review after 20 years in all other cases."